IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2013 OCT 25 P 3: 38

| | |
|---|---|
| Steven Louis Barnes, | C/A No. 5:13-2349-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Carol G. Thueme and Court Administration Office, | |
| Defendants. | |

This *pro se* matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15) that Petitioner's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e); 1915A. The Court adopts the R & R of the Magistrate Judge, as modified below. Accordingly, all of Plaintiff's claims are DISMISSED without prejudice. The Plaintiff's pending motions are DENIED as moot.

## I. Background

Steven Louis Barnes ("Plaintiff"), a South Carolina state prisoner, filed this *pro se* action against Carol G. Thueme, a state court reporter, and the South Carolina Office of State Court Administration "in their official capacities only for preventive relief," "in their individual capacities for monetary damages," and in "their personal capacities for state tort claims." (Dkt. No 1 at 1.) Specifically, Plaintiff alleges that the court reporter was negligent in preparing the transcripts in his murder trial by making "substantial and significant alterations and deletions." (*Id.* at 3.) Plaintiff sets forth the following South Carolina state tort law claims: gross negligence; negligence; breach of fiduciary duty; libel; and slander. (*Id.* at 2-18.) Under federal

1

law, Plaintiff alleges that by following of the procedures for retention and destruction of the court transcript tapes in accordance with SCACR 607(i), Defendant Thueme violated his due process and equal protection rights under the color of law, such that he has a claim under § 1983. *Id.* Rule 607(i), SCACR, states:

> Except as provided below, a court reporter shall retain the primary and backup tapes of a proceeding for a period of at least five (5) years after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period. If the proceeding was a hearing or trial which lasted for more than one day, the time shall be computed from the last day of the hearing or trial. In any proceeding which has been transcribed, the court reporter shall retain the primary and backup tapes which have been transcribed for a period of at least thirty (30) days after the original transcript is sent to the requesting party, to allow any party to challenge the accuracy of the transcription. If no challenge is received by the court reporter within the thirty (30) day period, the tapes may be reused or destroyed.

Rule 607(i), SCACR. Plaintiff also seeks a declaratory judgment, declaring Rule 607(i) unconstitutional on due process and equal protection grounds. (*See* Dkt. No. 1 at 18.) Under the former, Plaintiff alleges that he is deprived of notice and opportunity to object to the destruction of the tapes. (Dkt. No. 1 at 8.) Under the latter, Plaintiff alleges that to Rule 607(i) favors non-indigent criminal defendants over indigent defendants. (*Id.* at 13.) Plaintiff also seeks a declaratory judgment that Rule 607(i) is unconstitutional in a separate motion. (Dkt. No 5.)

Finally, in the Complaint and a motion for a preliminary injunction/temporary restraining order ("TRO") (Dkt. No. 4), Plaintiff seeks injunctive relief against South Carolina Office of State Court Administration preventing unnamed court reporters from destroying presently un-transcribed tapes of several Interstate Detainers Act ("IAD") hearings. (*See* Dkt. No. 4-2.) The Magistrate Judge recommends that the Plaintiff's complaint be dismissed. (Dkt. No. 15.) Plaintiff filed a timely objection. (Dkt. No. 20.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or ""seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## III. Discussion

A. Claims against the South Carolina Office of State Court Administration

Eleventh Amendment immunity bars Plaintiff's suit in federal court against the South Carolina Office of State Court Administration (SCA) regardless of the nature of the relief sought. *See* U.S. Const. amend. XI; *see also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984). Thus, Plaintiff's claims against the SCA, including his requests to enjoin SCA from destroying tapes of IAD hearings must be dismissed. Plaintiff claims that because he does not know the names of the court reporters at the IAD hearings, he should be allowed to sue the SCA and seek their names in discovery. (Dkt. No. 20 at 19-21.) However, Plaintiff's lack of knowledge does not constitute a waiver of Eleventh Amendment immunity.[1]

B. Claims Against Thueme in Her Official Capacity

The Eleventh Amendment also generally bars suits against Defendant Thueme in her official capacity. *See Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (holding Eleventh Amendment immunity applies to "state employees acting in their official capacity"). Plaintiff objects to the Magistrate Judge's finding that the *Ex parte Young* exception does not apply here. (Dkt. No. 20 at 18.)

For the *Ex parte Young* exception to apply, a state official must have some connection with the enforcement or implementation of the challenged statute. *Summers v. Adams*, 669 F. Supp. 2d 637, 654 (D.S.C. 2009) (internal quotations and citations omitted). Plaintiff claims that because Rule 607(i) authorizes Thueme to destroy transcripts after a certain time period allegedly in violation of his due process rights, she has the "special relationship" required in *Ex parte Young*'s progeny.[2] (Dkt. No. 20 at 18.) However, the Court need not decide the issue

---

[1] Plaintiff should be able to obtain the names of these court reporters from the court(s) that held the IAD hearings. Should Plaintiff wish to stop the destruction of these tapes, it seems appropriate that he ask the court(s) that held the IAD proceedings to grant him such relief.

[2] At times Plaintiff asserts that the destruction of court reporter's tapes is mandatory. (*See, e.g.*, Dkt. No. 1 at 12.) However, the rule simply supplies a minimum time for the tapes to be retained. *See* Rule 607(i) SCACR. Thus the court reporter's destruction of the tapes after the passage of the minimum time period is a permissive, not mandatory action.

4

here.[3] Even if the Court were to assume that the *Ex Parte Young* exception to Eleventh Amendment immunity applies, Plaintiff does not have standing to bring an action for prospective declaratory or injunctive relief against Thueme.

*Ex parte Young* only applies to claims "for prospective relief, where there is an ongoing violation of federal law." *South Carolina Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008). Thus, only claims for prospective declaratory or injunctive relief may lie. *See id.* If a plaintiff seeks prospective relief in the form of an injunction or declaratory judgment, he bears the burden of establishing each element of standing for such relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "That is a high burden." *Snider Int'l Corp v. Town of Forest Heights*, 906 F. Supp. 2d 413, 422 (D. Md. 2012). The plaintiff must show that

> he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers*, 555 U.S. at 493. The only threat of any future injury that Plaintiff alleges in his Complaint is the destruction of the tapes of his IAD hearings. Yet, this destruction is not "fairly traceable" to Defendant Thueme. There are no allegations that Defendant Thueme was the court reporter at these hearings, that she has possession of the tapes, or that she has any ability to stop their destruction. Indeed, Plaintiff admits that he does not know the names of court reporters at these hearings. (Dkt. No. 20 at 19.) Even if the Court entered a judgment against Defendant Thueme, there is no indication that such a judgment would prevent the destruction of these tapes. Plaintiff's allegations against Defendant Thueme are all for past actions related to her transcription of his murder trial and past destruction of the tapes of his murder trial. (*See* Dkt.

---

[3] Because the Court does not reach the issue, the R & R is modified to exclude the findings of whether such a "special relationship" exists.

5

No. 1.) Defendant has not alleged or shown any "actual or imminent" threat of future injury that is "fairly traceable" to Defendant Thueme. Thus, he lacks standing to bring a suit for prospective relief against her. *See Summers*, 555 U.S. at 493.

C. Section 1983 Due Process Claim against Thueme in Her Individual Capacity

To succeed in a procedural due process claim, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011) (quoting *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir.2009)).

The Magistrate Judge found that Plaintiff lacked standing to bring a due process claim because he had not taken advantage of any post-deprivation remedies. (Dkt. No. 15 at 7-8.) Plaintiff's primary objection to the Magistrate Judge's findings is that they were based on post-deprivation procedures rather than pre-deprivation procedures. (Dkt. No. 20 at 4-10.) Plaintiff claims that he has stated a claim for relief if pre-deprivation safeguards were inadequate, regardless of any post-deprivation remedies. (*See id.*)

A procedural due process violation actionable under § 1983 "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). "*Zinermon* makes clear that to determine whether a procedural due process violation has occurred, courts must consult the entire panoply of predeprivation and postdeprivation process provided by the state." *Fields v. Durham*, 909 F.2d 94, 97 (4th Cir. 1990); *see also Skinner v. Switzer*, - - - U.S. - - -, 131 S. Ct. 1289, 1302 (2011) ("[W]hen considering whether the State has provided all the process that is due in depriving an individual of life, liberty, or property, we must look at both pre- and post-deprivation process.").

6

To the extent that Plaintiff claims he was deprived of his liberty interest without due process of law, he has failed to state a claim. "[T]he process of law for the deprivation of liberty comprises all procedures—including collateral review procedures—that establish and review the validity of a conviction." *Skinner v. Switzer*, - - - U.S. - - - , 131 S. Ct. 1289, 1302 (2011). Plaintiff alleges that he received the transcripts of his murder trial on August 16, 2011, and that during the next two weeks he noticed errors. (Dkt. No. 1 at 2.) Plaintiff was left with at least two avenues to seek relief.

First, he could have objected to the accuracy of the transcripts. *See* Rule 607(i) SCACR. Second, pursuant to *China v. Parrott*, 162 S.E.2d 276 (1986), Plaintiff could have asked the appellate court to remand the case for a reconstruction of the record. If lack of an accurate transcript precluded the appellate court from conducting a meaningful appellate review, he could have requested a new trial. *State v. Ladson*, 644 S.E.2d 271, 273-74 (S.C. Ct. App. 2007). The Court has no reason to think that these procedures for addressing any alleged inaccuracies in the transcripts were constitutionally inadequate. Plaintiff chose not to avail himself of these procedures and cannot now claim that they are unfair. *See Mora v. The City of Gaithersburg, MD*, 519 F.3d 216, 230 (4th Cir. 2008) ("Plaintiff cannot plausibly claim that [the state's] procedures are unfair when he has not tried to avail himself of them."); *accord Snider Int'l Corp. v. Town of Forest Heights*, 906 F. Supp. 2d 413, 431 (D. Md. 2012); *Shavitz v. City of High Point*, 270 F. Supp. 2d 702, (M.D.N.C. 2003).[4]

---

[4] To the extent that the Magistrate Judge found that Plaintiff lacked standing, rather than finding that he failed to state a claim, the R & R is modified to state that Plaintiff has failed to state a claim. *See Sevin v. Parish of Jefferson*, 632 F. Supp. 2d 586, 598 (E.D. La. 2008) (holding *Shavitz* "appears to have confused the 'injury in fact' requirement with the separate inquiry, not necessarily related to standing, into whether the plaintiff has stated a valid claim for relief.").

7

Plaintiff also appears to allege that he has a property interest in the tapes of his murder trial, apart from his liberty interest at stake in the criminal proceedings. The Court finds that he does not. Property interests are "created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). A property interest only arises where "there is a legitimate claim of entitlement, as created and defined by independent sources, and a person clearly must have more than an abstract need or desire for it, and the person must have more than a unilateral expectation of it." *South Carolina Ambulatory Surgery Ctr. Ass'n v. South Carolina*, 699 S.E.2d 146, 153 (S.C. 2010) (quotation and citation omitted).

While South Carolina courts have not directly addressed the issue, other courts have found that a criminal defendant has no property interest in the transcripts of his criminal proceedings. *See, e.g., Antone v. Levene*, 799 F.2d 751, 1986 WL 17398 at *1 (4th Cir. 1986) (table decision) (Maryland Supreme Court certified that criminal defendant has no property right in the transcripts of his prosecution under Maryland law); *Skinner v. Nehrt*, 242 F.2d 573, 575 (7th Cir. 1957) (In a § 1983 claim against clerk of court, held criminal defendant's assertion that he had a property right in the transcripts of his criminal prosecution was "frivolous."); *State ex rel. Carpenter v. Shulman*, 1989 WL 35868 at *1 (Tenn. Apr. 17, 1989) (criminal defendant had no property right in trial transcript when it had been paid for with state funds and appeals were completed). The Court can find no authority, in South Carolina or elsewhere, standing for the proposition that a criminal defendant has a separate property interest in the transcripts of his criminal trial, much less the underlying tapes used by the court reporter. Apart from challenging his conviction, addressed above, the Plaintiff has not alleged any need for the tapes, and the Court cannot find an "independent source" that creates any entitlement to possess these tapes.

Thus, the Court finds that Plaintiff has no separate property interest in the tapes of his criminal trial and he has failed to state a claim.

The Court also agrees that, even if Plaintiff stated a violation of his due process rights, Defendant Thueme is entitled to qualified immunity in her personal capacity. As an initial matter, the Magistrate Judge appropriately considered qualified immunity at this stage of the proceeding. *See Johnson v. Coto*, 924 F.2d 1052, 1991 WL 10067 at *1 (4th Cir. 1991) (table decision) (holding that dismissal pursuant to § 1915(e) is appropriate where "taking into account affirmative defenses, it is clear that the plaintiff would not be entitled to relief"). Plaintiff's objections to the contrary (*see* Dkt. No. 20 at 15-16) are overruled.

"In determining whether a defendant is entitled to qualified immunity, a court must decide (1) whether the defendant has violated a constitutional right of the plaintiff and (2) whether that right was clearly established at the time of the alleged misconduct." *Bland v. Roberts*, - - - F.3d - - - -, 2013 WL 5228033 at *19 (4th Cir. 2013) (quotation omitted). "For a plaintiff to defeat a claim of qualified immunity, the contours of the constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* at *20. Here, Thueme destroyed tapes as expressly permitted by court rules promulgated by the South Carolina Supreme Court. A reasonable court reporter would believe that the rules promulgated by the South Carolina Supreme Court were constitutional and that she could destroy tapes as expressly permitted by those rules. No current case law suggests that Thueme's actions were unconstitutional. Thus, she is entitled to qualified immunity.[5]

---

[5] The Court does not reach the issue of whether Thueme may rely on the doctrine of absolute quasi-judicial immunity and modifies the R & R to exclude discussion of the doctrine of absolute quasi-judicial immunity.

D. Equal Protection Claims

After a de novo review, the Court agrees with and adopts the Magistrate Judge's finding and analysis that the Plaintiff fails to state a plausible § 1983 equal protection claim. "Facial plausibility" requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not meet the facial plausibility standard. *Id.* Likewise, the Court does not have to "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff failed to state a plausible § 1983 equal protection claim because Rule 607 (i), SCACR, does not draw any facial distinctions about how it operates regarding indigent litigants and non-indigent litigants. Likewise, without any supporting factual allegations, Plaintiff's legal conclusions that Rule 607 (i) discriminates or favors one group over another in operation (*see* Dkt. No. 1 at 1) are insufficient. *See Iqbal*, 556 U.S. at 678.

E. State Law Claims

Because Plaintiff did not plead his citizenship or domicile in the Complaint, the Magistrate Judge found that Plaintiff had not properly pleaded diversity jurisdiction. In his objections, Plaintiff states that he is "from Georgia." (Dkt. No. 20 at 24.) The Court considers this allegation in determining whether to dismiss Plaintiff's complaint.[6] *See Armstrong v. Rolm A. Siemans Co.*, 129 F.3d 1258, 1997 WL 705376 at *1 (4th Cir. 1997) (table decision) (holding

---

[6] Because of this additional information provided by Plaintiff after the Magistrate Judge issued her R & R, the Court declines to adopt sections "State-law-based claims" and "Supplemental Jurisdiction" on page 12 of the R & R.

that it is appropriate to look beyond the face of the complaint to allegations made in additional materials filed by a pro se plaintiffs to determine whether the plaintiff can withstand a motion to dismiss). However, Plaintiff's state tort claims against Thueme cannot be brought in federal court.

Thueme is a state government employee as defined under the South Carolina Tort Claims Act (SCTCA). *See* S.C. Code Ann. § 15-78-30(c). The SCTCA constitutes the exclusive remedy for torts committed by a government employee acting within the scope of her official duties. *Id.* § 15-78-70(a); *Smith v. Ozmint*, 394 F. Supp. 2d 787, 791 (D.S.C. 2005). In such a case, the agency or political subdivision for which the employee was acting is the proper party defendant. S.C. Code Ann. § 15-78-70(c). Suits brought under the SCTCA must be brought "*in a state court* within the boundaries of South Carolina." *Ozmint*, 394 F. Supp. 2d at 791 (emphasis in original); *see also* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

While the SCTCA generally provides immunity to state employees from being sued in their personal capacity for actions within the scope of their official duty, it does not provide such immunity for conduct that "constitute[s] actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C.Code Ann. § 15-78-70(b); *see also Id.* § 15-78-60(17). "Thus, a state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment." *Ozmint*, 394 F. Supp. 2d at 792. Because Plaintiff's state law claims fail to allege an intent to harm or actual malice,

the sole remedy for these claims is under the SCTCA, and Plaintiff must bring these claims in state court. *See id.*

F. Pending Motions

Because the Court dismisses Plaintiff's complaint in its entirety, the Court denies Plaintiff's pending motions (Dkt. Nos. 4, 5) as moot.

**Conclusion**

As set forth above, the Court adopts the R & R of the Magistrate Judge, modified as stated above. Accordingly, all of Plaintiff's claims are DISMISSED without prejudice. Plaintiff's pending motions are DENIED as moot.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

October 25, 2013
Charleston, South Carolina